after prisoner completes term of administrative segregation).

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this case be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 13th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SINESIO MARCONDES PEDROSA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 305-165 |
| ) | |
| MICHAEL V. PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("McRae") in McRae, Georgia, filed the instant petition pursuant to 28 U.S.C. § 2241 on December 13, 2005. (See doc. no. 1). Petitioner contends that he should be given jail time credit for "9 days in Immigration custody." (Id. at 8). On January 19, 2006, Respondent filed a motion to dismiss explaining that, on January 18, 2006, McRae officials "recomputed" Petitioner's sentence and afforded him the relief he seeks. (See doc. no. 5, p. 5). As a result, Respondent contends that the instant petition is moot. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this case be **DISMISSED** as **MOOT**.[1]

---

[1]Petitioner has not responded to Respondent's motion, rendering it unopposed. See Loc. R. 7.5. Ordinarily, the Court would be hesitant to issue its Report and Recommendation without affording *pro se* Petitioner a final opportunity to respond. However, as Respondent has already granted Petitioner the relief he seeks in this case, the Court sees no reason to further delay disposition of this matter, which is clearly moot.

## I.   DISCUSSION

Petitioner is currently serving a 36-month sentence for attempting to bring an alien into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). See Resp't Ex. 1. Petitioner argues that he is entitled to jail time credit under 18 U.S.C. § 3585 for the period between September 3 and September 11, 2003, during which time he was held by officials of the Immigration and Naturalization Service (now the Bureau of Immigration and Customs Enforcement). (See doc. no. 1, p. 8). As Respondent points out, on January 18, 2006, McRae officials, acting at the direction of the Federal Bureau of Prisons, recalculated Petitioner's sentence and granted him credit for the period between September 3 and September 11, 2003. See Resp't Ex. 2. The officials determined that, during the pertinent period, Petitioner "was not housed in custody solely for the purpose of removal proceedings but for attempting to bring an alien into the United States for financial gain." Id. at 1.

As a result, the instant matter is **MOOT**. "Because the judicial power conferred by Article III of the Constitution depends upon the existence of 'Cases' or 'Controversies,' federal courts lack authority to decide moot questions or abstract propositions or issues that cannot affect the rights of litigants in the case before them. McRae v. Hogan, 576 F.2d 615, 617 (5th Cir. 1978)(internal quotation and citation omitted). "Furthermore, an actual controversy must exist at [all stages], and not simply at the date the action is initiated." Id. Here, Petitioner has already been granted the relief he seeks. As a result, Petitioner presents no injury which can be remedied in this § 2241 proceeding. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003)(petition challenging administrative segregation moot

2